Wilfred J. MECKEL, II, Fred E. Brown, B.W. Robertson, William S. Hazen, John D. Lynch, David Watts, Theodorus V.W. Cushny, Ronald T. Schroeder, James H. Willis, as partners of J & W Seligman & Co., (on behalf of themselves and all former holders of the Florida Gas Company 5-¾% Convertible Subordinated Debentures due April 1, 1989 who are similarly situated), Plaintiffs,

v.

CONTINENTAL RESOURCES COMPANY (successor to Florida Gas Company) and Florida Exploration Company (formerly known as Continental Exploration Company, Inc.), Defendants.

CONTINENTAL RESOURCES COMPANY and Florida Exploration Company, Third Party Plaintiffs,

v.

CITIBANK, N.A., Third Party Defendant.

No. 81 Civ. 6803(CES).

United States District Court, S.D. New York.

April 16, 1984.

Peter G. Eikenberry, New York City, for plaintiffs.

Willkie Farr & Gallagher, New York City, for defendants; Stephen Greiner, New York City, of counsel.

Harvis & Zeichner, New York City, for third party defendant; Fred Umane, New York City, of counsel.

## MEMORANDUM DECISION

STEWART, District Judge:

Plaintiffs, partners of J & W Seligman & Co. ("Seligman"), bring this action to recover losses incurred in connection with the redemption of certain debentures issued by the Florida Gas Company ("Florida Gas"). Defendants Continental Resources Company ("Continental") and Florida Exploration Co., Inc. ("Florida Exploration"), the successors to Florida Gas, as well as Citibank, N.A. ("Citibank"), third party defendant, now move for summary judgment.

The undisputed facts are as follows. Florida Gas issued a series of 5-¾% convertible, subordinated debentures ("the debentures") pursuant to the terms of a prospectus dated April 1, 1969. Citibank agreed to act as trustee for the debenture holders, and Florida Gas entered into a trust indenture agreement with Citibank dated April 1, 1969 ("the indenture"). Three customers of Seligman's brokerage firm purchased a total of $42,000 in principal amount of the debentures which were held by Seligman as agent for their customers. In June of 1979, defendant third party plaintiff Continental entered into a merger agreement with Florida Gas, pursuant to which Continental acquired Florida Gas. In connection with the merger, Florida Gas decided to call for redemption the

remaining outstanding debentures. The Notice of Redemption, which Citibank asserts was mailed on July 16, 1979, provided that the debentures had to be converted into Florida Gas common stock by August 20, 1979 or the debentures would be considered redeemed at their face value as established under the indenture. It is fair to say that the conversion price was very attractive.

The debentures held by Seligman as agent for three of its clients were not converted, and Seligman asserts that they did not receive any notice of the July 16, 1979 call until after the August 20 deadline had passed. Seligman voluntarily credited its customers' accounts with an amount calculated as the damages incurred by reason of the failure to convert.

The plaintiffs' claims, while arising under a variety of statutes, are all based on the question of the adequacy of the notice to the debenture holders with respect to the redemption. Plaintiffs seek damages in the amount of either $43,102.92 or $46,694.76, plus interest and attorneys' fees, as well as an accounting from Florida Exploration, alleging that the defendant was unjustly enriched in the amount of $1,388 per debenture not redeemed.

Continental brought in Citibank as third party defendant, asserting that Citibank would be ultimately liable if Continental were held to be legally responsible for the alleged losses. Citibank's motion for summary judgment, which we will address first, presents two main arguments: 1) the notice sent was in accordance with the terms of the indenture and was sufficient as a matter of law; and 2) Seligman's own actions were the proximate cause of the claimed injury.[1]

■ We grant Citibank's motion on the grounds that the notice it sent fulfilled the requirements of the indenture. Under the Trust Indenture Act, an indenture can limit the duties of a trustee to those specifically articulated in the indenture. 15 U.S.C. § 77ooo (a)(1).[2] The indenture in this case did just that in Paragraph 6.01:

> (1) the Trustee undertakes to perform *such duties and only such duties* as are specifically set forth in this Indenture, and no implied covenant or obligation shall be read into this Indenture against the Trustee. (emphasis added)

The case law also supports the proposition that an indenture trustee's obligations can extend no further than those contained in the indenture. *Hazzard v. The Chase National Bank of the City of New York*, 159 Misc. 57, 287 N.Y.S. 541, 570 (Sup.Ct.N.Y. Cty.1936), *aff'd*, 257 App.Div. 950, 14 N.Y. S.2d 147, *aff'd*, 282 N.Y. 652, 26 N.E.2d 801, *reh'g denied*, 283 N.Y. 682, 28 N.E.2d 406, *cert. denied*, 311 U.S. 708, 61 S.Ct. 319, 85 L.Ed. 460 (1940); *Broad v. Rockwell International Corp.*, 614 F.2d 418, 431 (5th Cir.1980), *aff'd on reh'g*, 642 F.2d 929 (5th Cir.), *cert. denied*, 454 U.S. 965, 102 S.Ct. 506, 70 L.Ed.2d 380 (1981). Citibank's duty to provide notice is clearly set out in the indenture. Article 11 of the Indenture, § 1105 provides for notice by "first class mail, postage prepaid."[3] The back of the debenture itself states that

---

1. Defendants also argue that Seligman lacks standing because the firm voluntarily reimbursed its customers. That the payment was voluntary does not mean that Seligman lacks standing since an interest in avoiding litigation is a protected interest which can give rise to a right of subrogation. *New York Stock Exchange v. Sloan* [Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,618 at 98,338 (S.D.N.Y. Aug. 15, 1980).

2. Section 77ooo of the Trust Indenture Act, Subdivision (a) provides in pertinent part:
   > The indenture to be qualified may provide that ...

   > (1) the indenture trustee shall not be liable except for the performance of such duties as are specifically set out in such indenture...

3. Section 1105 of the Indenture provides, in pertinent part:
   > Notice of redemption shall be given by first-class mail, postage pre-paid, mailed not less than 30 nor more than 60 days prior to the Redemption Date, to each Holder of Debentures to be redeemed at his last address appearing in the Debenture Register.

notice would be "by mail."[4] Contrary to plaintiffs' arguments, those two terms are entirely consistent and unambiguous.

As to whether Citibank fulfilled its obligations under the Indenture, plaintiffs offer no evidence nor make any allegations that would contradict the proof of mailing offered by Citibank on this motion. The operation of the evidentiary presumption with respect to mailing has been summarized as follows in the insurance context:

> Denial of receipt by the insureds, standing alone, is insufficient to rebut the presumption. In addition to a claim of no receipt, there must be a showing that routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed. We would hasten to add, however, that in order for the presumption to arise, office practice must be geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed.

*Nassau Insurance Company v. Murray,* 46 N.Y.2d 828, 414 N.Y.S.2d 117, 118, 386 N.E.2d 1085 (1978) (citations omitted). An affidavit by Glorida Spraggins, a Citibank employee, executed the day after the mailing, states that the notice was mailed to all holders of record. The fact that Ms. Spraggins could not recall the specific mailing at her deposition four years later is hardly surprising, and her testimony cannot be said to contradict her affidavit. The procedures of Citibank with respect to notices of this type were testified to by Mr. Brennan in deposition, as well as summarized by him in affidavit form. In sum, there are four internal checks to make sure that the number of labels, envelopes, stuffed envelopes and stamped envelopes conform to the initial count of holders as of the record date.

**4.** The back of the debenture states, in pertinent part:

> The Debentures are subject to redemption upon not less than 30 days notice by mail ...

**5.** Plaintiffs purport to raise an issue of fact by stating that Citibank fails to prove that the notice was mailed to the proper *address.* How-

On a motion for summary judgment, we must "resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317 (2d Cir.1975). The only support for a finding that there are issues of fact with respect to whether the notice was mailed in this record are any inferences that can be drawn from the relatively low number of holders who converted and an unsigned list of fourteen individual debenture holders, half of whom are described as stating that they never received notice and half of whom are described as stating that they have no recollection of receiving notice. Plaintiffs make no substantive arguments with respect to the adequacy of Citibank's office procedures, and the above-mentioned evidence of lack of *receipt* is, under the circumstances, insufficient to support an inference that the notices were never *mailed* by Citibank. Since Citibank's duty extended no further than the mailing of the notice, we grant its motion for summary judgment.[5]

As to the claims against Continental and Florida Exploration, the essence of plaintiffs' claims is that the provision for notice by mail was clearly insufficient. Primarily, plaintiffs argue that a single, first class mail notice of redemption is inadequate under the holding of *Van Gemert v. Boeing, Inc.,* 520 F.2d 1373 (2d Cir.), *cert. denied,* 423 U.S. 947, 96 S.Ct. 364, 46 L.Ed.2d 282 (1975). While *Van Gemert* found a notice of redemption deficient even though it complied with the terms of the indenture, the case is distinguishable from this one for a number of reasons. At issue in *Van Gemert* were bearer bonds, and the indenture provided for notice by publication, or notice by mail to those holders who registered their debentures. With respect to the ade-

ever, defendants state that plaintiffs have examined the computer registry which generated the mailing labels. Plaintiffs do not even directly claim that the address was inaccurate. Citibank's failure to provide the actual mailing list on this motion does not preclude summary judgment.

quacy of notice issue, *Van Gemert* dealt with the question of what type of notice by publication was sufficient to give "fair and reasonable notice to the debenture holders." 520 F.2d at 1383. In holding that the notice given was inadequate, the court found it "highly significant" that Boeing did not adequately inform the holders that they could receive mail notice by registering their bonds. The court also took into account that holders had no idea what kind of notice by publication would occur. *Id.,* 520 F.2d at 1383–1386.

In this case, the debentures themselves stated that notice would be by mail in a call for redemption, and the indenture was slightly more expansive in stating that notice would be by first class mail, postage prepaid. As stated in *Van Gemert:*

> The duty of reasonable notice arises out of the contract between Boeing and the debenture holders, pursuant to which Boeing was exercising its right to redeem the debentures. An issuer of debentures has a duty to give adequate notice either on the face of the debentures ... or in some other way, of the notice to be provided in the event the company decides to redeem the debentures. Absent such advice as to the specific notice agreed upon by the issuer and the trustee for the debenture holders, the debenture holders' reasonable expectations as to notice should be protected. *Van Gemert,* 520 F.2d at 1383. (citations omitted)

Plaintiffs here argue that their reasonable expectations were to receive actual notice, and that due to the unexpectedly small number of people converting their debentures—a 71% conversion rate despite the extremely attractice offer—Florida Gas was under a duty to do more to assure themselves that mail notice was leading to actual notice. In light of the clear language on both the debenture and the indenture with respect to the type of notice to be provided, we cannot find any higher duty to exist.

Plaintiffs also argue in favor of an actual notice requirement because the call for redemption was analogous to an option contract, citing a number of contract authorities. The analogy to an option contract is somewhat confusing; as defendants point out, there was an option belonging to Florida Gas to redeem the debentures and there was an option belonging to the debenture holders to convert their bonds. Regardless of how the option is characterized, plaintiffs fail to take into account that the actual notice requirement in an option contract only comes into play where the instrument is silent. *See* 1A Corbin on Contracts, § 265, p. 352 (1963); Restatement (Second) of Contracts, § 63. As set forth above, both the debenture and the indenture specifically set out the form of notice for a redemption, and plaintiffs' option contract analysis is unavailing.

Plaintiffs provide no legal basis for their contention that notice by mail was inadequate. Neither the Trust Indenture Act, the indenture in this case, nor any case law supports such an argument. No case dealing with calls for redemption and the sufficiency of notice have suggested that actual notice is required. Indeed, many of the cases deal with the question of the sufficiency of notice by publication and implicitly condone notice by mail as legally sufficient. *See Abramson v. Burroughs Corp.,* [1971–1972 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 93,456 (S.D.N.Y. Apr. 27, 1972); *Van Gemert, supra,* 520 F.2d at 1383.

Insofar as we find that the defendants are entitled to summary judgment as a matter of law, we need not reach some of their other arguments, which may involve issues of fact. For example, there appears to be serious doubt as to whether Seligman actually relied on notices from the companies calling debentures; it subscribed to a service called the Financial Daily Card Service ("FDCS"), which would send cards summarizing the details of corporate events, and make recommendations on action to be taken. In this case, the card from that service referring to the Florida Gas redemption arrived after the redemption date had passed, and served to alert

Seligman that it had never received the notice from the company. While slightly inconsistent, testimony from Gustave Carlson indicates that notices from the company stating that there was a redemption were usually filed away, and the FDCS card was what would go to an account officer for action. Secondly, defendants note that there is some question whether Seligman actually has shown that it never received notice, since its own mail procedures suggest the possibility that the notice was internally lost; if this could be considered an issue of fact, it is not material, since it does not affect the question of the defendants' duty.

In deciding that there are no material issues of fact as to the questions of Citibank's duties under the indenture and the adequacy of Continental's provisions for notice, summary judgment is appropriate with respect to the first, third, fourth, sixth, seventh and eighth claims in the complaint, all of which specifically depend on a finding that the notice was inadequate to support the various legal theories. As to the second and fifth claims, both depend on a determination that the New York Stock Exchange rules apply. We need not reach the unsettled question of whether a private right of action exists under those rules, *see State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843 (2d Cir.1981) and *Van Gemert, supra,* 520 F.2d at 1380, since plaintiffs never address the issue of whether the rules apply at all. The debentures were not listed on the exchange, and no listing application was ever filed with respect to these debentures.

In sum, both the defendants' and the third-party defendants' motions for summary judgment are granted. The action is dismissed.

SO ORDERED.